IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

GREG WILLIAMS and SHANE
WILLIAMS,

            Plaintiffs,

v.

KEYBANK NATIONAL ASSOCIATION,

            Defendant.

Case No. 2:16-cv-00374-SU

**OPINION AND ORDER**

SULLIVAN, United States Magistrate Judge:

      Plaintiffs Greg and Shane Williams have moved for leave to file an amended complaint. (Docket No. 24). Defendant KeyBank National Association opposes plaintiffs' motion, on the

Page 1 – OPINION AND ORDER

grounds that plaintiffs' proposed amendments are futile. (Docket No. 29). For the following reasons, the Court GRANTS plaintiffs' Motion for Leave to File an Amended Complaint.[1]

## PROCEDURAL BACKGROUND

Plaintiffs originally commenced this action in Oregon state court, *see* Notice of Removal (Docket No. 1), Ex. A, Compl. (Docket No. 1-1), and defendant removed to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332 & 1441. Plaintiffs' original complaint brought two claims for relief, for (1) breach of the implied covenant of good faith and fair dealing, and (2) breach of oral contract, arising from a loan that defendant made to plaintiffs to finance the construction of a boat. Plaintiffs allege that defendant did not comply with the loan's terms because it paid the boat manufacturer for work it never performed, without properly verifying that the boat was constructed. Compl. (Docket No. 1-1) ¶¶ 4-10. Plaintiffs seek to have defendant cancel the loan, forgive the outstanding balance, and return to plaintiffs the amount paid on the loan. *Id.*

Plaintiffs then filed the instant Motion for Leave to File an Amended Complaint. (Docket No. 24).[2] Plaintiffs seek to add certain factual allegations to support their original claims for relief, to add a claim for tortious breach of the duty of good faith and fair dealing, and to add a prayer for punitive damages. (Docket No. 24-1). Because plaintiffs sought to amend more than 21 days after defendant answered plaintiffs' Complaint, plaintiffs required either defendant's consent or the Court's leave to amend. Fed. R. Civ. P. 15(a)(2).

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket No. 18).
[2] Plaintiffs also improperly filed the proposed Amended Complaint, which the Court struck. (Docket Nos. 25 & 26). The proposed Amended Complaint is properly attached as an exhibit to plaintiffs' Motion. (Docket No. 24-1).

Page 2 – OPINION AND ORDER

Defendant filed a detailed Opposition memorandum to plaintiffs' Motion. (Docket No. 29). Defendant argues that plaintiffs' proposed amendments are futile, for various reasons: that plaintiffs' proposed claim for tortious breach fails because plaintiffs have not pled sufficient factual allegations to create a "special relationship" between them and defendant; that plaintiffs do not plead the existence of a special relationship, a necessary element of the tortious breach claim; that the statute of limitations bars plaintiffs' tortious breach claim, which does not "relate back" under Fed. R. Civ. P. 15(c); and that certain evidence contradicts plaintiffs' allegations, as defendant seeks to show through various attachments to its Opposition briefing. *See* Def.'s Opp'n (Docket No. 29), at 15-23 (indictment of Christopher Bohnenkamp), & Quest Decl. (Docket No. 29-1) ¶ 5, Exs. A-D.

Plaintiffs filed a brief Reply, asking the Court either to grant plaintiffs' Motion for Leave to Amend, to permit plaintiffs to file a new amended complaint that would allege the contested special relationship, or to permit plaintiffs 21 days to respond to defendant's Opposition memorandum. (Docket No. 30).

## LEGAL STANDARD

When a party seeks to amend its pleadings, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard "is to be applied with *extreme liberality*." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted, emphasis added). The Court may deny

> leave to amend only if there is *strong evidence* of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc. The consideration of prejudice to the opposing party carries the greatest weight.

Page 3 – OPINION AND ORDER

*Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citations omitted, emphasis added); *see also United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."). "Prejudice is the touchstone of the inquiry under rule 15(a). Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (quotations omitted, italics in original). "The standard for granting leave to amend is generous." *Corinthian Colls.*, 655 F.3d at 995 (quotation omitted).

"A proposed amended complaint is futile if it would be immediately subject to dismissal." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quotation omitted), *aff'd on reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012). "Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.* (quotation omitted). An amendment is futile only if "it is clear . . . that the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

Whether to grant leave lies within "the sound discretion of the trial court." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

## DISCUSSION

This is plaintiffs' first attempt to amend their Complaint. Defendant relies entirely on its argument that plaintiffs' proposed amendments are futile, and has not argued any of the other

factors that the Court considers in determining whether to grant leave to amend—bad faith, undue delay, or prejudice to defendant.  Defendant's failure to attempt a showing of these factors, especially prejudice, weighs heavily in favor of the Court's granting plaintiffs leave to amend.

While "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend," *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995),  "denial of leave to amend on this ground is rare," *Larios v. Nike Retail Servs., Inc.*, No. 11CV1600-GPC-NLS, 2013 WL 4046680, at *5 (S.D. Cal. Aug. 9, 2013).  There is a "general preference against denying a motion for leave to amend based on futility," *Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011), and "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed," *Fair Hous. Council of Cent. Cal., Inc. v. Nunez*, No. 1:10CV02073 LJO DLB, 2012 WL 217479, at *4 (E.D. Cal. Jan. 24, 2012).

Because the futility standard mirrors the Fed. R. Civ. P. 12(b)(6) standard, defendant's arguments against plaintiffs amending to add their tortious breach claim are essentially the same as defendant would argue had it moved to dismiss the proposed amended complaint for failure to state a claim upon which relief can be granted.  That is, defendant argues that plaintiffs have not pleaded the necessary elements of, nor factual support for, the tortious breach claim, and also argues that the tortious breach claim is time-barred.  Defendants do not appear to oppose plaintiffs' proposed amendment to the extent it seeks to add certain factual allegations to the operative complaint, or add a prayer for punitive damages, and thus amendment would presumably not be futile at least as to those proposed amendments.

Thus, four of the relevant factors strongly support granting leave to amend: whether plaintiff previously amended, bad faith, undue delay, and prejudice to the opposing party. The fifth, futility, could *in part* weigh against amendment, because, if defendant's arguments are correct, then adding the tortious breach claim (but not plaintiffs' other desired amendments) would be futile. Nonetheless, the Court finds that it would be preferable to consider the futility arguments in the context of a motion to dismiss for failure to state a claim, whereby the parties could fully brief the sufficiency of plaintiffs' allegations under the appropriate briefing schedule, through a procedural mechanism that would allow optimal focus on those arguments (instead of their being first raised only in opposition briefing). The Court therefore will allow plaintiffs leave to amend. Defendant may challenge the amended allegations through a motion to dismiss, under the applicable time limitations of the Federal Rules of Civil Procedure and the Local Rules. *See, e.g.*, *Sweet v. Oregon*, No. 6:13-cv-0657-AA, 2013 WL 5936386, at *3 (D. Or. Oct. 30, 2013) (deciding, where plaintiff had moved for leave to amend at the same time defendant had moved to dismiss, and defendant had opposed amendment on futility grounds, to grant plaintiff leave to amend and to consider defendant's futility arguments in the context of its motion to dismiss); *Larios*, 2013 WL 4046680, at *5 ("declin[ing] to indulge [defendant's] attempt to convert Plaintiff's motion to amend into a premature motion to dismiss," and so granting leave to amend while "defer[ring] consideration of challenges to the merits of Plaintiff's [proposed amended complaint] until it has been filed"); *Lillis v. Apria Healthcare*, No. 12-CV-52-IEG KSC, 2012 WL 4760908, at *1 (S.D. Cal. Oct. 5, 2012) ("Defendants fail to justify any break from the ordinary here; their arguments to the sufficiency of the proposed pleadings, even if merited, remain better left for full briefing on a motion to dismiss."); *Pilavskaya v. Henderson*,

No. CV 11-4075 CAS EX, 2012 WL 3279517, at *5 (C.D. Cal. Aug. 9, 2012) ("Whether [the proposed amended] claims are properly pled is better left for a motion to dismiss.").

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' Motion for Leave to File an Amended Complaint.

IT IS SO ORDERED.

DATED this 6th day of December, 2016.

    /s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge